## STATE
*vs.*
### GEORGE PIPICELLI

Superior Court     New Haven County     File No. 7753

MEMORANDUM FILED JUNE 28, 1944.

*Abraham S. Ullman,* of New Haven, for the State.

*Charles G. Albom,* of New Haven, and *William A. Jacobs,* of Meriden, for the Defendant.

COMLEY, J.  No objection was made by counsel for the defendant when the State's Attorney read from file No. 7320. But the court of its own motion interposed and there followed the discussion and action recorded in the transcript. From the transcript it clearly appears that the court then considered the question of a mistrial and decided that a mistrial should not be granted.

Under these circumstances the defendant, as a matter of simple fairness, should not be prejudiced because his counsel assumed that the action of the court obviated the need of a further motion on his part.

It is extremely doubtful if this accused could get a fair consideration of the case from a jury who were informed that he had already been charged in this court with the specific crime of rape.

The evidence was such that the temptation to resolve questions arising from the contradictory character of the evidence by reference to the prior charges against the accused would work insidiously against him.

I am convinced that the failure of the court to direct a mistrial was a seriously prejudicial error.

There remains to be considered whether the trial court has authority to set aside a verdict when there is apparent on the record an error which, in the judgment of the presiding judge, should result on appeal in a new trial.

I am of the opinion that this power exists and should be exercised in this case.

The verdict is set aside.